The People of the State of Illinois, Defendant in Error, v. Tony Augustino, Plaintiff in Error.

Gen. No. 23,092.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. GEORGE F. BARRETT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed July 19, 1917.

## Statement of the Case.

Criminal contempt proceedings by the People of the State of Illinois, plaintiff, against Tony Augustino, defendant. From a judgment finding him guilty of contempt, defendant brings error.

The order in question recited, in part, as follows:

"That one Tony Augustino, in wilful contempt of court, came into the court room of the said Judge George F. Barrett, * * * during the trial of said cause, and then and there approached Daniel Cruice, the attorney for the defendant William Rooney, and spoke to him, and that immediately thereafter he approached and laid his hands upon the shoulder of the said William Rooney and then and there said to William Rooney aforesaid, 'Hello, Rooney' and certain other words, and that all of said acts and occurrences above recited occurred in the presence of the entire jury, duly chosen, sworn and selected to try the said cause and while a witness for the People was testifying upon the witness stand. It is the judgment of the court that the said conduct of the said Tony Augustino was committed for the purpose of influencing the said jury and thereby interfering with the due course of justice in the said court and to impair the respect due to the authority of the said court.

"Be it therefore remembered, that the said Tony Augustino is adjudged to be guilty and is convicted of a criminal contempt aforesaid, before the said Judge George F. Barrett, and adjudged by the said Judge George F. Barrett to be imprisoned

in the county jail of said Cook county for the term of thirty days.''

CRUICE & LANGILLE, for plaintiff in error; DANIEL L. CRUICE, of counsel.

MACLAY HOYNE, for defendant in error; GEORGE C. BLISS, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. CONTEMPT, § 72a*—*what is basis for determination of liability for criminal contempt on review.* In order to determine whether the one accused of criminal contempt is guilty as charged, the court, on review, must look solely to the recitals contained in the contempt order itself.

2. CONTEMPT, § 70*—*when order insufficient to sustain charge.* An order of contempt *held* insufficient to sustain the charge of criminal contempt.

Celia A. Broad v. Henry A. Broad.
Henry A. Broad, Appellee, v. Celia A. Broad and Morris Katz, Appellants.

### Gen. No. 23,367.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed July 19, 1917. Rehearing denied July 30, 1917.

### Statement of the Case.

Bill by Celia A. Broad, complainant, against Henry. A. Broad, defendant, for divorce, alimony, and for re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.